KALYAN POKALA SBN: 259947
**POKALA LAW APC**
2535 Kettner Blvd. Suite 2C-2
kalyan@pokalalaw.com
Phone:(619) 394-0187
Fax:   (619) 878-5815
Attorney for Defendant
True Vine Hospitality, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>TRUE VINE HOSPITALITY, LLC., a California Limited Liability Company; and Does 1-10<br><br>　　　　Defendant. | Case No.: 5:18-cv-01262-CAS-KK<br><br>**DEFENDANT'S NOTICE OF EX PARTE APPLICATION FOR RELIEF FROM PLAINTIFF'S AND PLAINTIFF'S EXPERT'S NON-APPEARANCE AT DEPOSITION**<br><br>**[MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KALYAN POKALA FILED CONCURRENTLY HEREWITH]** |

**PLEASE TAKE NOTICE** that defendant TRUE VINE HOSPITALITY, LLC ("True Vine") will and hereby does apply to the Court for relief from Plaintiff's refusal to appear for a properly noticed deposition on September 9, 2019, the discovery cut-off. Plaintiff's expert, Paul Bishop, also failed to appear.

This non-appearance violates Federal Rule of Civil Procedure, Rule 30. The depositions were properly noticed, with a reasonable time in which to appear (12

days). True Vine noticed these depositions to occur earlier, on September 4, 2019, but after Plaintiff informed True Vine that Plaintiff and his expert were unavailable on September 4, 2019, True Vine served an amended deposition notice, scheduling September 9, 2019. This amended notice was served on August 28, 2019, and provided twelve days' notice.

True Vine seeks ex parte relief from the Court, as the discovery cut-off was September 9, 2019, the same day the depositions were noticed. **True Vine seeks relief in the form of taking Plaintiff's motion for summary judgment off calendar until after Plaintiff and his experts and/or witnesses are compelled to sit for deposition.**

Good cause exists to grant True Vine ex parte relief from Plaintiff's deliberate refusal to attend his deposition or provide testimony from his experts or witnesses.

Plaintiff took the deposition of True Vine's person most knowledgeable on September 6, 2019, the business day prior to the depositions noticed for September 9, 2019. No mention was made about Plaintiff and his expert not appearing during the deposition of True Vine's person most knowledgeable. True Vine did not receive any objections to September 9, 2019, whether by phone, mail, or email. True Vine showed upon on September 9, 2019, as noticed, and Plaintiff simply failed to show up. After counsel for True Vine called Plaintiff after the deposition was scheduled to start, Plaintiff suddenly remembered that they "thought" they had served objections on August 30, 2019. Then Plaintiff's story changed, and said that they "thought" they had "drafted" some objections the week of September 3, 2019. This does not indicate that they had ever been finalized, or served. Plaintiff's objections are suspect in that Plaintiff easily communicated his objections to the first scheduling of a deposition. That the objections to the depositions noticed for the discovery cut-off mysteriously never showed up is very

convenient to a litigant preparing a motion for summary judgment with no testimony which was subject to cross-examination.

Irrespective of that, Rule 30 specifically states that the deposition "will proceed" despite objections, and the Court can rule on objections at a later time. In other words, federal courts do not follow California's civil procedure, wherein an objection can suspend a deposition until the parties agree. Rule 30 states that objections may be noted on the record, "but the examination still proceeds." F.R.C.P. Rule 30(c)(2).

Plaintiff's conduct is consistent with Plaintiff's conduct throughout the course of this litigation. Plaintiff has produced no responsive documents, no responsive interrogatory responses, although True Vine has attempted to meet and confer with Plaintiff over the past several months to arrive at written discovery "acceptable" to Plaintiff. When True Vine prepared a joint stipulation pursuant to Rule 37-1, and Plaintiff indicated that Plaintiff would prepare Plaintiff's portion the next day, Plaintiff then stated that Plaintiff would not participate because the motion to compel would be untimely under the Court's rules. True Vine submitted the joint stipulation after Plaintiff stated he would not participate, and Plaintiff lodged an objection that the motion was untimely under the scheduling order.

True Vine lodged the joint stipulation with the intention that the Court might suspend the discovery cut-off for the good cause demonstrated therein, but the Magistrate denied the motion without prejudice, presumably because the date noticed, September 12, 2019, was after the discovery cut-off of September 9, 2019.

Plaintiff has now filed a motion for summary judgment, even though Plaintiff, and his expert, refused to appear for their duly-noticed depositions. After Plaintiff made clear that September 4, 2019, would not work, True Vine immediately asked Plaintiff if September 9, 2019 would work. Plaintiff's counsel stated that she "would look into it," and never got back to True Vine. It is clear that Plaintiff and his expert refused to appear on the day of the discovery cut-off so

that their evidence submitted in support of their motion for summary judgment would not be subject to cross-examination.

Because Plaintiff and his expert refused to appear for their deposition without adequately meeting and conferring on a different agreeable date, and have submitted evidence which has not been subject to cross-examination, True Vine requests that the Court take Plaintiff's motion for summary judgment off calendar, and compel Plaintiff, and each of this two experts or witnesses, to appear for deposition consistent with Rule 30.

This application was uploaded as soon as True Vine received the Notices of Non-Appearance from the Court reporter.

True Vine notified Plaintiff that he would have 48 hours from the time of uploading the ex parte application to provide a response, pursuant to the Court's chambers rules. (Pokala Decl. ¶20)

This application is based upon this notice, the memorandum of points and authorities, the declaration of Kalyan Pokala, and the proposed order filed concurrently herewith.

Respectfully submitted,

Dated:  September 11, 2019        **POKALA LAW APC**

/s/ Kalyan Pokala_____
Kalyan Pokala, attorneys for Defendant
TRUE VINE HOSPITALITY, LLC
kalyan@pokalalaw.com