KALYAN POKALA SBN: 259947
**POKALA LAW APC**
Kettner Blvd. Suite 2C-2
kalyan@pokalalaw.com
Phone:(619) 394-0187
Fax:   (619) 878-5815
Attorney for Defendant
True Vine Hospitality, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SAMUEL LOVE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>TRUE VINE HOSPITALITY, LLC., a California Limited Liability Company; and Does 1-10<br><br>　　　　Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.:  5:18-cv-01262-CAS-KK<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR RELIEF FROM PLAINTIFF'S AND PLAINTIFF'S EXPERT'S NON-APPEARANCE AT DEPOSITION** |

## I.    INTRODUCTION

Plaintiff Samuel Love has filed more than 450 actions in the past five and a half years against small businesses who cannot afford to litigate allegations that they are in violation of the Americans with Disabilities Act, just within the Ninth Circuit.  He has filed more than 90 actions this year alone.

This is relevant because Plaintiff's allegations regarding when he visited True Vine's motel in Blythe, California, is in hot dispute.  Plaintiff's allegations

1  are intentionally vague, such that True Vine is justifiably suspicious whether
2  Plaintiff has ever visited True Vine's motel, which calls into question whether
3  Plaintiff has any standing to bring this action at all.

4  True Vine has propounded multiple rounds of written discovery to Plaintiff,
5  all of which has gone unanswered, with mere meritless objections. Despite True
6  Vine's multiple efforts at avoiding motion practice, it has become clear that
7  Plaintiff refuses to submit to any written or oral discovery about whether he was
8  ever at True Vine's property. After Plaintiff's second round of providing nothing
9  but objections, True Vine duly met and conferred regarding the discovery
10  objections, and then prepared a joint stipulation for the parties to submit regarding
11  True Vine's second set of requests for production of documents. Plaintiff indicated
12  that Plaintiff would complete Plaintiff's section of the joint stipulation.

13  When True Vine sent Plaintiff the joint stipulation the next day, Plaintiff
14  then stated that Plaintiff would not complete it, because it was untimely. True
15  Vine then submitted the joint stipulation without Plaintiff's input for the
16  Magistrate's consideration, as the Magistrate could find good cause to consider the
17  discovery dispute. The motion was ultimately denied without prejudice on
18  September 6, 2019.

19  On August 22, 2019, True Vine noticed Plaintiff's and his expert's
20  depositions, to take place on September 4, 2019, a full 12 days' notice, in
21  compliance with Rule 30. Plaintiff immediately was able to prepare written
22  objections to these two deposition notices, stating that not enough notice was
23  provided, and that they would be unavailable. (Pokala Decl. ¶9, Exh. 2)

24  True Vine then asked whether September 9, 2019, was available. Plaintiff
25  never responded. Accordingly, True Vine served amended deposition notices for
26  September 9, 2019. True Vine never heard from Plaintiff about the amended
27  deposition regarding any objections, and so proceeded to prepare for Plaintiff's and
28  his expert's deposition. (Pokala Decl. ¶14)

Defendant's Memorandum of Points and Authorities ISO Ex Parte Application for Relief from
Plaintiff's and Plaintiff's Expert's Nonappearance at Deposition, 2
Case No. 18-cv-01262-CAS-KK

True Vine has been aware that Plaintiff was preparing a motion for summary judgment, which needed to be filed on September 9, 2019, the motion cut-off date. Plaintiff's suspicious failure to appear for his deposition coincides neatly with his motion for summary judgment, submitting testimony which has not been cross-examined.

True Vine has good cause to be suspicious that Plaintiff was never at his property. Plaintiff suspiciously does not have the subject vehicle which he supposedly drove out to Blythe in. Plaintiff suspiciously does not have any evidence that he was ever in Blythe at all, although he files cases regarding ADA access approximately every other calendar day. Plaintiff suspiciously does not even have the portable car placard with the disability access which was in effect on the supposed day he may have gone to Blythe, California. Plaintiff suspiciously does not have cell phone records proving he looked up how to get to True Vine's property, does not have gas receipts showing any proximity to Blythe, does not have phone records showing whether he contacted the motel, does not have photographs dated the day he supposedly showed up at the motel and could not find a compliant parking spot. He has no calendars, journals or diaries showing he went to True Vine's property, ever. This, despite the fact that he is required to prove standing to sue in federal court. Now, Plaintiff has purposefully sandbagged True Vine by refusing to appear for deposition and answer these fundamental foundational questions. Plaintiff has even refused to produce any evidence that he is disabled and subject to the protections of the ADA and the Unruh Act.

It is clear that Plaintiff fears being deposed for some reason and refused to show up on the last day of discovery.

For these reasons, True Vine requests that the Court grant its ex parte application and take Plaintiff's motion for summary judgment off calendar until such date as Plaintiff and his experts/witnesses are compelled to sit for deposition.

Defendant's Memorandum of Points and Authorities ISO Ex Parte Application for Relief from Plaintiff's and Plaintiff's Expert's Nonappearance at Deposition, 3

Case No. 18-cv-01262-CAS-KK

1   This application was uploaded as soon as True Vine received the Notices of
2   Non-Appearance from the court reporter, on September 11, 2019.  Pokala Decl.
3   ¶19.

## II.    PLAINTIFF'S COUNSEL

Pursuant to Local Rule 7-19, Plaintiff's counsel is:

Ray Ballister, Jr.
Phyl Grace
Isabel Rose Masanque
Sara Gunderson
Chris Garson

Potter Handy, dba Center for Disability Access
8033 Linda Vista Road, Suite 200
San Diego, California  92111

Tel:  (858)375-7385
Fax:  (888)422-5191
Email:  SaraG@potterhandy.com

## III.   DEPOSITION FACTS

True Vine noticed Plaintiff's, and his expert Paul Bishop's depositions on
August 22, 2019, to take place on September 4, 2019.  These deposition notices
were sent by both email and regular mail.  (Pokala Decl. ¶8, Exh. 1)  Plaintiff
immediately notified True Vine that September 4, 2019 was not available, and
Plaintiff was concerned that there were only 12 days' notice.  (Pokala Decl. ¶9,
Exh. 2)

In deference to Plaintiff's schedule, True Vine offered to take the
depositions on September 9, 2019, the discovery cut-off.  (Pokala Decl. ¶9, Exh. 3)
Plaintiff stated that they would "get back" to True Vine.  True Vine did not hear
back from Plaintiff, and therefore sent out an amended notice on August 28, 2019,
designating September 9, 2019 as the date for both depositions.  (Pokala Decl. ¶10,
Exh. 4)  Plaintiff never communicated with True Vine about the September 9, 2019

Defendant's Memorandum of Points and Authorities ISO Ex Parte Application for Relief from
Plaintiff's and Plaintiff's Expert's Nonappearance at Deposition, 4
Case No. 18-cv-01262-CAS-KK

date.  (Pokala Decl. ¶11)  Plaintiff regularly communicated with True Vine during the week of September 3, 2019, to discuss their upcoming motion for summary judgment.  Plaintiff never once mentioned anything about not showing up for Plaintiff's deposition.  (Pokala Decl. ¶12)

True Vine appeared for deposition on September 6, 2019.  During that time, True Vine asked if Plaintiff would be appearing.  Plaintiff's counsel seemed confused, and stated that he did not think Plaintiff would be appearing, but he was not sure.  True Vine did not hear anything further from Plaintiff about appearing on September 9, 2019.  (Pokala Decl. ¶13)

True Vine appeared as noticed, to take Plaintiff's and his expert's deposition on September 9, 2019.  (Pokala Decl. ¶14)  True Vine then emailed Plaintiff's office after the deposition was scheduled to begin, and **for the first time**, Plaintiff mentioned having served objections by mail on August 30, 2019.  (Pokala Decl. ¶14)

Plaintiff was well aware of the discovery cut-off of September 9, 2019. Plaintiff clearly knew how to pick up a telephone or send an email regarding availability, evidenced by the first emails regarding unavailability.  It is more than a little suspicious that Plaintiff's objections were "lost in the mail."  As of the filing of this ex parte application, the "mailed objections" have still never arrived at True Vine's counsel's office, more than 12 days later.  All other mail from Plaintiff's office has arrived at True Vine's counsel's office.  (Pokala Decl. ¶14) True and correct copies of the objections and proof of service Plaintiff emailed to True Vine on September 9, 2019, after the non-appearance are attached to the Pokala Declaration, ¶14 at Exhibit 5.

True and correct copies of the notices of non-appearance are attached to the Pokala Declaration, ¶15 at Exhibit 6.

Defendant's Memorandum of Points and Authorities ISO Ex Parte Application for Relief from Plaintiff's and Plaintiff's Expert's Nonappearance at Deposition, 5

Case No. 18-cv-01262-CAS-KK

## IV.   RULE 30

Federal Rule of Civil Procedure, Rule 30 provides that the existence of objections will not stop a deposition from proceeding, and that objections can be ruled on after the deposition has occurred:

> (2) *Objections.*  An objection at the time of the examination – whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, **or to any other aspect of the deposition** – must be noted on the record, **but the examination still proceeds**; the testimony is taken subject to any objection.

F.R.C.P. Rule 30(b)(2) (emphasis added).  This rule is markedly different from California's Code of Civil Procedure section 2025.410, which may stall a deposition where written objections are served at least three days before the noticed deposition.  There is no counterpart for this in the federal rules; accordingly, Plaintiff's "written objections," if they were served, were ineffective to take the September 9, 2019 depositions off calendar.

Plaintiff makes much of the short time span in which notice was provided, and mistakenly asserts that "14 days" is the noticed required under the law. (Pokala Decl. ¶14, Exh. 5)  As the Court is aware, only a "reasonable time" is required, which has often been construed to be as little as ten days.

Plaintiff plays fast and loose with his authority that True Vine's deposition notice is untimely.  The case law cited by Plaintiff to insert a "business days" qualifier to the 10-day ballpark is not supported by the opinion:

> "What is reasonable depends on the circumstances of the case, but at least 10 days' notice is customarily expected."  William W. Schwarzer, *et al.,* California Prac. Guide, Federal Civil Proc. Before Trial, ¶11:360.
> . . .

*Mason v. Silva,* 2013 U.S.Dist. Lexis 74801, at *2 (S.D.Cal. May 28, 2013). Plaintiff's assertion regarding "business days" is therefore not borne out by the authority Plaintiff cited.  Additionally, "the circumstances of the case" weigh in

Defendant's Memorandum of Points and Authorities ISO Ex Parte Application for Relief from Plaintiff's and Plaintiff's Expert's Nonappearance at Deposition, 6

Case No. 18-cv-01262-CAS-KK

favor of having the deposition occur before the discovery cut-off. Plaintiff's sandbagging machinations cannot be countenanced.

## V.    PLAINTIFF'S LITIGATION CONDUCT

Plaintiff has refused to comply with any discovery obligations whatsoever. Plaintiff refused to provide any substantive responses to the first set of discovery requests. At Plaintiff's insistence, True Vine prepared a second set of discovery responses rather than file a motion to compel under Rule 37. (Pokala Decl. ¶2) Plaintiff's responses continued to be evasive and mere objections. True Vine then began the meet and confer process required by Rule 37-1, wherein Plaintiff insisted that the telephone conference take place on the 10th day following True Vine's request for a Rule 37 conference. (Pokala Decl. ¶6) During that conference on August 19, 2019, Plaintiff indicated that Plaintiff would complete Plaintiff's portion of the joint stipulation. After True Vine sent over the stipulation the next day, Plaintiff then informed True Vine that True Vine's motion was untimely and Plaintiff would not participate. (Pokala Decl. ¶8) True Vine then submitted the motion without Plaintiff's portion, as the motion was before the motion cut-off of September 9, 2019, and True Vine had substantially complied with the Scheduling Order by filing its motion on August 22, 2019, nearly three weeks before the motion cut-off. (Pokala Decl. ¶8)

The Magistrate denied the motion to compel, without prejudice, on September 6, 2019.

## VI.    SERIAL LITIGATORS

Counsel for True Vine represents another defendant sued by another serial litigator represented by counsel for Plaintiff, Potter Handy, Central District case no. 19-cv-2988 PA, *Whitaker v. AA Haroon LLC*. In the other case, pending in front of Hon. Percy Anderson, defendant moved for a more definite statement

Defendant's Memorandum of Points and Authorities ISO Ex Parte Application for Relief from Plaintiff's and Plaintiff's Expert's Nonappearance at Deposition, 7

Case No. 18-cv-01262-CAS-KK

1   based upon the serial plaintiff's vague allegation that he attended the subject
2   premises at some time during the month, identical to how Plaintiff pleaded his visit
3   in this case.

4       Judge Anderson granted the motion for more definite statement, and ordered
5   both plaintiff, and its counsel, Potter Handy, to provide information relevant to the
6   vexatious litigant statute in California.  After plaintiff and Potter Handy had
7   submitted information regarding their numerous cases pending in the Ninth Circuit,
8   Judge Anderson dismissed the Unruh claim.  A true and correct copy of that order
9   is attached to the Pokala Declaration at ¶17, Exh. 8.

10       This is relevant to the instant situation because there is a total lack of
11   evidence regarding whether plaintiff Love, in this case, ever visited True Vine's
12   motel, in May, 2018, or ever.  If Plaintiff never visited True Vine's motel, he lacks
13   standing to proceed in this Court.

14       The deposition of Plaintiff, as well as his proffered witnesses/experts he
15   relies upon in his motion for summary judgment, would likely expose the lack of
16   standing, and lack of merit, Plaintiff's allegations have in this case.  As the Court is
17   aware, the issue of standing is always a consideration, and can be raised at any
18   time.

19
20   **VII.   CONCLUSION**

21       Plaintiff has refused to provide any written discovery, or any responsive
22   documents, to True Vine, during this litigation.  Plaintiff's only evidence, at this
23   point, is self-serving declarations in support of Plaintiff's motion for summary
24   judgment, which evidence has never been cross-examined.

25       Plaintiff, and his expert, had a duty to attend their duly-noticed depositions
26   on September 9, 2019.  Their failure to appear is systematic of Plaintiff's general
27   refusal to cooperate in discovery, and should be redressed at this time, by taking

28

Defendant's Memorandum of Points and Authorities ISO Ex Parte Application for Relief from
Plaintiff's and Plaintiff's Expert's Nonappearance at Deposition, 8
Case No. 18-cv-01262-CAS-KK

1  Plaintiff's motion for summary judgment off calendar until such time as they are
2  compelled to appear for their depositions.

3

4                          Respectfully submitted,

5

6  Dated:  September 11, 2019        **POKALA LAW APC**

7

8

9                          /s/ Kalyan Pokala_____
10                         Kalyan Pokala, attorneys for Defendant
11                         TRUE VINE HOSPITALITY, LLC
                            kalyan@pokalalaw.com
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant's Memorandum of Points and Authorities ISO Ex Parte Application for Relief from
Plaintiff's and Plaintiff's Expert's Nonappearance at Deposition, 9
Case No. 18-cv-01262-CAS-KK