KALYAN POKALA SBN: 259947
**POKALA LAW APC**
2535 Kettner Blvd. Suite 2C-2
kalyan@pokalalaw.com
Phone:(619) 394-0187
Fax:   (619) 878-5815
Attorney for Defendant
True Vine Hospitality, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE,                    )<br>          Plaintiff,          )<br>                               )<br>     vs.                       )<br>                               )<br>TRUE VINE HOSPITALITY, LLC., a )<br>California Limited Liability Company; )<br>and Does 1-10                  )<br>          Defendant.           )<br>                               )<br>_____ )| Case No.:  5:18-cv-01262-CAS-KK<br><br>**DECLARATION OF KALYAN POKALA IN SUPPORT OF EX PARTE APPLICATION FOR RELIEF FROM PLAINTIFF'S AND PLAINTIFF'S EXPERT'S NON-APPEARANCE AT DEPOSITION** |

I, Kalyan Pokala, declare as follows:

1.    I am counsel of record for defendant True Vine Hospitality, LLC, in the above-captioned matter.  I have personal knowledge of the facts contained herein, and if called as a witness, would and could competently testify thereto.

2.    I have propounded two sets of written discovery to Plaintiff in this action.  After Plaintiff's first set of responses earlier this year, I met and conferred with Plaintiff about deficient responses.  Rather than engage in expensive and

Defendant's Memorandum of Points and Authorities ISO Ex Parte Application for Relief from
Plaintiff's and Plaintiff's Expert's Nonappearance at Deposition, 1
Case No. 18-cv-01262-CAS-KK

1  time-consuming motion practice, I discussed with Plaintiff what discovery requests

2  might be productive, and agreed to propound a second set of discovery after the

3  first set consisted merely of objections.

4        3.      I received nothing but boilerplate objections to the second set of

5  discovery requests, and began the meet and confer process under Local Rule 37-1,

6  on August 9, 2019, the day I received the deficient responses.

7        4.      To date, Plaintiff produced no evidence that he is disabled, no

8  evidence that he was ever at True Vine's property in Blythe, California, and no

9  evidence responsive to any of True Vine's discovery requests.

10        5.      In my initial 37-1 email requesting a telephone conference, I

11  requested a date the following week to meet regarding the new discovery

12  responses.  I heard nothing back.

13        6.      I eventually heard back from Plaintiff informing me that they could

14  not meet until the next Monday, the tenth day after I sent my request for a

15  conference.

16        7.      I did have the telephonic conference on Monday, August 19, 2019

17  with Plaintiff, wherein they indicated that they would cooperate with the

18  preparation of the joint Rule 37 stipulation.  I sent out the Rule 37 complete packet

19  the next day.

20        8.      Plaintiff then emailed me telling me they would not cooperate with

21  the Rule 37 stipulation, because it would be heard after the discovery cut-off.  I

22  therefore prepared the stipulation without Plaintiff's input, based upon their

23  expressed intention to not participate.  I filed the joint stipulation the next day,

24  August 22, 2019, and noticed the depositions of Plaintiff and his expert, Paul

25  Bishop, to take place on September 4, 2019.  A true and correct copy of the

26  original deposition notices is attached hereto as **<u>Exhibit 1</u>**.

27        9.      I emailed and mailed the deposition notices on August 22, 2019.  That

28  same day, Plaintiff emailed me back, stating that they were untimely and that they

Defendant's Memorandum of Points and Authorities ISO Ex Parte Application for Relief from
Plaintiff's and Plaintiff's Expert's Nonappearance at Deposition, 2

Case No. 18-cv-01262-CAS-KK

were unavailable on September 4, 2019.  They also served written objections to the deposition notices, and supplied them by both email and mail.  True and correct copies of these initial objections are attached hereto as **Exhibit 2**.  I then asked if September 9, 2019 was available, and Plaintiff indicated that they would get back to me.  A true and correct copy of this August 27, 2019 email chain is attached hereto as **Exhibit 3**.

10.     Two days later, after not hearing from Plaintiff, I served amended deposition notices by both mail and email, setting the depositions for September 9, 2019.  True and correct copies of those amended notices are attached hereto as **Exhibit 4**.

11.     I did not hear back from Plaintiff at any time regarding whether or not they would appear as noticed on September 9, 2019.

12.     I had telephone conversations with Plaintiff's counsel during the week of September 3, 2019, regarding their intention to file a motion for summary judgment.  At no time did Plaintiff indicate that they were unavailable on September 9, 2019.

13.     I appeared to defend the deposition of True Vine's person most knowledgeable on September 6, 2019.  I asked Plaintiff's counsel whether Plaintiff would be appearing on September 9, 2019, for deposition.  Plaintiff's counsel looked confused, and stated only that they thought Plaintiff was not appearing, but I heard nothing further.

14.     I appeared ready to take Plaintiff's and his expert's deposition as noticed on September 9, 2019.  Plaintiff did not show up.  I emailed Plaintiff's counsel while still at the deposition, and learned for the first time that Plaintiff stated that they served deposition objections by mail on August 30, 2019.  I have been receiving mail from Plaintiff at my office, with no delay.  I still have not received the objections Plaintiff states that they mailed on August 30, 2019.  Plaintiff did email me their objections on September 9, 2019, after I took notices of

Defendant's Memorandum of Points and Authorities ISO Ex Parte Application for Relief from Plaintiff's and Plaintiff's Expert's Nonappearance at Deposition, 3

Case No. 18-cv-01262-CAS-KK

1  non-appearance.  True and correct copies of the amended objections are attached

2  hereto as **Exhibit 5**.  In my e-mail correspondence with Plaintiff's counsel on

3  September 9, 2019, Ms. Gunderson indicated that she had "drafted" the objections

4  "last week."  This is inconsistent with the proof of service sent to me, and with

5  their assertion that they were served by mail in August.

6       15.    True and correct copies of the Notices of Nonappearance I took on

7  September 9, 2019, will be provided to the court and labeled as **Exhibit 6**.

8       16.    I am counsel of record for another defendant being sued by a serial

9  litigator in the Central District of California, entitled *Whitaker v. AA Haroon, LLC,*

10  case number 19-cv-2988-PA-SSx.  Plaintiff in that matter is also represented by

11  Plaintiff's counsel, Potter Handy LLP.  In that case, the complaint's allegations are

12  substantially identical to Plaintiff's allegations in this case:  that he visited an

13  establishment *at some time* in a particular month.  The Court granted defendant's

14  motion for more definite statement, and further, requested information from both

15  the plaintiff and plaintiff's counsel "providing all facts necessary for the Court to

16  determine if they satisfy the definition of a 'high-frequency litigant' as provided by

17  California Code of Civil Procedure sections 425.55(b)(1) & (2)."  A true and

18  correct copy of that order is attached hereto as **Exhibit 7**.

19       17.    That plaintiff, and present defense counsel, provided the information

20  requested.  As a result of their submissions, the Court declined to exercise

21  supplemental jurisdiction over the Unruh Act claim, leaving only the ADA claim.

22  A true and correct copy of that order is attached hereto as **Exhibit 8**.

23       18.    I provide this information to the Court because there is a complete

24  absence of any evidence showing whether the present plaintiff, Samuel Love, ever

25  visited True Vine's property, raising the standing issue as to whether he was

26  injured as a result of the condition of True Vine's property.

27       19.    I prepared this ex parte application on September 10, and uploaded

28  this application as soon as I realized in the interest of getting this matter in front of

Defendant's Memorandum of Points and Authorities ISO Ex Parte Application for Relief from
Plaintiff's and Plaintiff's Expert's Nonappearance at Deposition, 4
Case No. 18-cv-01262-CAS-KK

the court as soon as possible, that the documents would be filed without the Notices of Non-Appearance from the court reporter, and would be uploaded after, as soon as they were available.

20.     I notified Plaintiff by email on September 11, 2019 regarding the substance of this ex parte application, and that True Vine is seeking to take Plaintiff's motion for summary judgment off calendar until Plaintiff and his witnesses are compelled to appear for their depositions.  I also called them, pursuant to Local Rule 7-19.1. Having not received a response to either attempt to communicate, this office must presume that this application is opposed.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 11[h] day of September, 2019, at San Diego, California.


/s/ Kalyan Pokala
Kalyan Pokala
kalyan@pokalalaw.com

Defendant's Memorandum of Points and Authorities ISO Ex Parte Application for Relief from Plaintiff's and Plaintiff's Expert's Nonappearance at Deposition, 5

Case No. 18-cv-01262-CAS-KK

# EXHIBIT 1

KALYAN POKALA SBN: 259947
**POKALA LAW APC**
Kettner Blvd. Suite 2C-2
kalyan@pokalalaw.com
Phone:(619) 394-0187
Fax:   (619) 878-5815
Attorney for Defendant
True Vine Hospitality, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE, | Case No.:  5:18-cv-01262-CAS-KK |
| Plaintiff, | **NOTICE OF VIDEOTAPED DEPOSITION OF PLAINTIFF'S EXPERT PAUL BISHOP** |
| vs. | |
| TRUE VINE HOSPITALITY, LLC., a California Limited Liability Company; and Does 1-10 | **Date:  September 4, 2019** **Time:  2:00 p.m.** **Location:  Pokala Law APC, 2535 Kettner Blvd., Suite 2C-2, San Diego, California  92101** |
| Defendant. | |

    **PLEASE TAKE NOTICE** that on September 4, at 2:00 p.m., pursuant to Federal Rules of Civil Procedure 30, Defendant True Vine Hospitality, LLC, will take the deposition and oral examination of Plaintiff's expert Paul Bishop.

    Said deposition will be taken before a certified court reporter and notary public authorized to administer oaths and will take place at the offices of Pokala Law, APC, 2535 Kettner Blvd., Suite 2C-2, San Diego, California  92101, (619)394-0187, and will continue from day to day until completed, within the parameters of the Federal Rules of Civil Procedure.

This deposition will be recorded stenographically and by videotape.

Dated:  August 22, 2019          **POKALA LAW APC**


*Kalyan Pokala*
Kalyan Pokala, attorneys for Defendant
TRUE VINE HOSPITALITY, LLC

KALYAN POKALA SBN: 259947
**POKALA LAW APC**
Kettner Blvd. Suite 2C-2
kalyan@pokalalaw.com
Phone:(619) 394-0187
Fax:   (619) 878-5815
Attorney for Defendant
True Vine Hospitality, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE,<br><br>                Plaintiff,<br><br>        vs.<br><br>TRUE VINE HOSPITALITY, LLC., a<br>California Limited Liability Company;<br>and Does 1-10<br><br>                Defendant. | Case No.:  5:18-cv-01262-CAS-KK<br><br>**NOTICE OF VIDEOTAPED DEPOSITION OF PLAINTIFF SAMUEL LOVE**<br><br>**Date:  September 4, 2019**<br>**Time:  10:00 a.m.**<br>**Location:  Pokala Law APC, 2535 Kettner Blvd., Suite 2C-2, San Diego, California  92101** |

    **PLEASE TAKE NOTICE** that on September 4, at 10:00 a.m., pursuant to Federal Rules of Civil Procedure 30, Defendant True Vine Hospitality, LLC, will take the deposition and oral examination of Plaintiff Samuel Love.

    Said deposition will be taken before a certified court reporter and notary public authorized to administer oaths and will take place at the offices of Pokala Law, APC, 2535 Kettner Blvd., Suite 2C-2, San Diego, California  92101, (619)394-0187, and will continue from day to day until completed, within the parameters of the Federal Rules of Civil Procedure.

1    This deposition will be recorded stenographically and by videotape.

2

3    Dated:  August 22, 2019          **POKALA LAW APC**

4

5

6                                     *Kalyan Pokala*

7                                     Kalyan Pokala, attorneys for Defendant
                                      TRUE VINE HOSPITALITY, LLC
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**KALYAN POKALA SBN: 259947**
**POKALA LAW APC**
2535 Kettner Blvd. Ste. 2C2
San Diego, CA 92101
kalyan@pokalalaw.com
Phone: (619) 394-0187
Fax:     (619) 878-5815
Attorney for Defendant

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE, | ) Case No.: 5:18-cv-01262 |
| Plaintiff, | ) |
| vs. | ) |
| TRUE VINE HOSPITALITY, LLC., a | ) **PROOF OF SERVICE** |
| California Limited Liability Company; and | ) |
| Does 1-10, | ) |
| Defendant. | ) |
| | ) |

//
//
//
//
//
//
//
//
//

PROOF OF SERVICE 1

**PROOF OF SERVICE**

I, Kalyan Pokala, declare:

I am a citizen of the United States and employed in San Diego, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 2535 Kettner Blvd. Ste. 2C2, San Diego, CA 92101. On August 22, 2019 I served a copy of the within document

**1)NOTICE OF MOTION TO COMPEL**

**2)MEMORANDUM OF POINTS AND AUTHORITIES**

**3)DECLARATION OF KALYAN POKALA ISO AND EXHIBITS**

**4)PROPOSED ORDER**

**5)NOTICE OF DEPOSITION OF PLAINTIFF SAMUEL LOVE**

**6)NOTICE OF DEPOSITION OF EXPERT WITNESS PAUL BISHOP**

**7)PROOF OF SERVICE**

☐ (by facsimile transmission) in accordance with Code of Civil Procedure §1013(e), by transmitting said document(s) from my office by facsimile machine (619) 878-5815 to facsimile machine number(s) shown below. Following transmission, I received a "Transmission Report" from my fax machine indicating that the transmission had been transmitted without error.

☑ (by mail) on parties in said action, in accordance with Code of Civil Procedure §1013a(3), by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At Pokala Law APC, mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business, in a United States mailbox in the City of San Diego, California.

☐ (by overnight delivery) by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be

delivered to a Delivery Service collection box at San Diego, California, and addressed as set forth below.

☐ (by personal delivery) by causing to be personally delivered a true copy thereof to the person and at the address set forth below.

■ (by e-mail transmission) on all parties by transmitting said document(s), from our offices by email (kalyan@pokalalaw.com) to email addresses shown below.

Chris Carson, Esq., SBN 280048

Center for Disability Access

8033 Linda Vista Rd.

San Diego, CA 92111

mail@potterhandy.com


I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 22, 2019 at San Diego, California.


Date: August 22, 2019                    Respectfully Submitted

                                         /s/ Kalyan Pokala

                                         Kalyan Pokala

                                         POKALA LAW APC

                                         Attorney for Defendant True Vine Hospitality LLC

# EXHIBIT 2

1  CENTER FOR DISABILITY ACCESS
   RAYMOND G. BALLISTER, JR., ESQ., SBN 111282
2  SARA NICOLE GUNDERSON, ESQ., SBN 302582
3  8033 Linda Vista Road, Suite 200
   San Diego, CA 92111
4  Phone: (858) 375-7385
   Fax: (888) 422-5191
5  SaraG@potterhandy.com

6
   Attorney for Plaintiff SAMUEL LOVE
7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11

12  SAMUEL LOVE,                      )  **Case No.: 5:18-cv-01262-CAS-KK**
                                      )
              Plaintiff,              )
13                                    )
    v.                                )  **PLAINTIFF'S OBJECTIONS TO**
14                                    )  **DEFENDANT'S NOTICE OF**
                                      )  **DEPOSITION OF EXPERT WITNESS,**
    TRUE VINE HOSPITALITY, LLC., a California)  **PAUL BISHOP.**
15  Limited Liability Company; and Does 1-10, )
                                      )
16                                    )
              Defendants.             )
17                                    )
                                      )
18  _____ )

19
          To each party and each attorney of record in this action:

20
          Plaintiff, SAMUEL LOVE, hereby submits the following responses and objections to

21
    Defendant's Notice of Deposition expert witness, PAUL BISHOP.
22

23

24

25

26

27

-1-

## PLAINTIFF'S OBJECTIONS TO NOTICE OF DEPOSITION

Plaintiff objects to this deposition in its entirety on the basis that a party who wants to depose a person by oral questions must give reasonable written notice to every other party. FRCP 30(b)(1). Although **ten business days' notice** generally is considered reasonable, 'the analysis is necessarily case-specific and fact-intensive.'...See Mason v. Silva, 2013 U.S. Dist. LEXIS 74801 (S.D. Cal. May 28, 2013) ('What is 'reasonable' depends on the circumstances of the case, but at least 10 [business] days' notice is customarily expected.') (citations omitted). Lucas v. Breg, Inc., 2015 U.S. Dist. LEXIS 164534, at *6-8 (S.D. Cal. Dec. 8, 2015) (finding notice unreasonable where it was received just seven days before the scheduled date).

Numerous courts both within and outside of California agree that a deposition set for less than the general 10 business day rule regarding notice is unreasonable and improper, especially around a holiday. See Oculu, LLC v. Oculus VR, Inc., 2015 U.S. Dist. LEXIS 58215, at *2 (N.D. Cal. Apr. 28, 2015) (concluding **that... [a] subpoena requiring appearance eleven days later around a holiday was unreasonable);** Douglas v. Shasta County, 2010 U.S. Dist. LEXIS 24752, at *6 (E.D. Cal. Mar. 3, 2010); (emphasis added).

While the POS depicting service of the depositions was served on August 22, 2019, the notice of deposition was served electronically on August 23, 2019. There is an insufficient notice period to plaintiff's expert witness. Mr. Paul Bishop and Plaintiff's counsel are not available on September 4, 2019, and cannot attend the Deposition, as the Notice is untimely

Plaintiff also objects to this notice of deposition on the basis that the deposition date was chosen unilaterally without regard to Mr. Paul Bishop's schedule, or Plaintiff's counsels' schedules. Paul Bishop and Plaintiff's counsel are not available for the deposition on September 4, 2019. Thus, Paul Bishop and Plaintiff's counsel cannot attend on the date and time currently set for the deposition. Paul Bishop and Plaintiff's counsel are able to attend on an alternative, mutually agreeable date and time.

Dated: August 26, 2019

CENTER FOR DISABILITY ACCESS

By: */s/ Sara N. Gunderson*
Sara Nicole Gunderson, Esq.
Attorneys for Plaintiff

-3-

CENTER FOR DISABILITY ACCESS
RAYMOND G. BALLISTER, JR., ESQ., SBN 111282
SARA NICOLE GUNDERSON, ESQ., SBN 302582
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
Phone: (858) 375-7385
Fax: (888) 422-5191
SaraG@potterhandy.com

Attorney for Plaintiff SAMUEL LOVE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE,<br><br>            Plaintiff,<br><br>v.<br><br>TRUE VINE HOSPITALITY, LLC., a California Limited Liability Company; and Does 1-10,<br><br><br>            Defendants. | Case No.: 5:18-cv-01262-CAS-KK<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S NOTICE OF DEPOSITION OF SAMUEL LOVE.** |

To each party and each attorney of record in this action:

Plaintiff, SAMUEL LOVE, hereby submits the following responses and objections to Defendant's Notice of Deposition SAMUEL LOVE.

-1-

**PLAINTIFF'S OBJECTIONS TO NOTICE OF DEPOSITION**

Plaintiff objects to this deposition in its entirety on the basis that a party who wants to depose a person by oral questions must give reasonable written notice to every other party. FRCP 30(b)(1). Although ***ten business days' notice*** generally is considered reasonable, 'the analysis is necessarily case-specific and fact-intensive.'...See Mason v. Silva, 2013 U.S. Dist. LEXIS 74801 (S.D. Cal. May 28, 2013) ('What is 'reasonable' depends on the circumstances of the case, but at least 10 [business] days' notice is customarily expected.') (citations omitted). Lucas v. Breg, Inc., 2015 U.S. Dist. LEXIS 164534, at *6-8 (S.D. Cal. Dec. 8, 2015) (finding notice unreasonable where it was received seven days before the scheduled date).

Numerous courts both within and outside of California agree that a deposition set for less than the general 10 business day rule regarding notice is unreasonable and improper, especially around a holiday. See Oculu, LLC v. Oculus VR, Inc., 2015 U.S. Dist. LEXIS 58215, at *2 (N.D. Cal. Apr. 28, 2015) (concluding **that... [a] subpoena requiring appearance eleven days later around a holiday was unreasonable);** Douglas v. Shasta County, 2010 U.S. Dist. LEXIS 24752, at *6 (E.D. Cal. Mar. 3, 2010); (emphasis added).

While the POS depicting the deposition notices was served on August 22, 2019, the notice of deposition was served on August 23, 2019. This does not provide plaintiff with a sufficient notice period. Plaintiff and Plaintiff's counsel are not available on September 4, 2019, and cannot attend the Deposition, as the Notice is untimely.

Plaintiff also objects to this notice of deposition on the basis that the deposition date was chosen unilaterally without regard to Plaintiff's or Plaintiff's counsels' schedules. Plaintiff and Plaintiff's counsel are not available for the deposition on September 4, 2019. Thus, Plaintiff and Plaintiff's counsel cannot attend on the date and time currently set for the deposition. Plaintiff and Plaintiff's counsel are able to attend on an alternative mutually agreeable date and time.

-2-

Dated: August 26, 2019

CENTER FOR DISABILITY ACCESS

By: */s/ Sara N. Gunderson*
Sara Nicole Gunderson, Esq.
Attorneys for Plaintiff

-3-

# <u>PROOF OF SERVICE</u>
## LOVE V. TRUE VINE HOSPITALITY LLC
## 5:18-CV-01262-CAS-KK

I, the undersigned, am over the age of eighteen years and am resident of San Diego County, California; I am not a party to the above-entitled action; my business address is 9845 Erma Road, Suite 300, San Diego, CA 92131.

On August 26, 2019 I served the following document(s):
**- PLAINTIFF'S OBJECTIONS TO DEFENDANT'S NOTICE OF DEPOSITION OF EXPERT WITNESS, PAUL BISHOP.**
**- PLAINTIFF'S OBJECTIONS TO DEFENDANT'S NOTICE OF DEPOSITION OF SAMUEL LOVE**

Addressed to:

> Kalyan Pokala
> 2535 Kettner Blvd. Ste 2C2
> San Diego, CA 92101

☑ <u>BY MAIL:</u> I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at San Diego, California.

☐ <u>BY OVERNIGHT EXPRESS:</u> I caused such envelope with postage thereon fully prepaid to be placed in the Designated Overnite Express drop box at San Diego, California.

☐ <u>BY FACSIMILE:</u> In addition to the service by mail as set forth above, I forwarded a copy of said documents via facsimile to the listed facsimile number.

☐ <u>BY PERSONAL SERVICE:</u> I caused said documents to be personally served on all listed recipients via ASAP Legal Services.

☐ <u>BY ELECTRONIC MAIL TRANSMISSION:</u> via email. I caused the listed documents to be electronically filed and or subsequently emailed to the above recipients

Executed on August 26, 2019, from San Diego, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Kayla Drayton

# **<u>EXHIBIT 3</u>**

## Kalyan Pokala

**From:** Sara Gunderson <sarag@potterhandy.com>
**Sent:** Tuesday, August 27, 2019 2:55 PM
**To:** Kalyan Pokala
**Subject:** RE: Deposition of Samuel Love - Meet and Confer (Love v. True Vine Hospitality)

Yes, you sent me an email last night. This is being looked into, and when I know you will know.

Thank you,

Sara N. Gunderson, Esq.
Center for Disability Access
Potter Handy, LLP

**From:** Kalyan Pokala [mailto:kalyan@pokalalaw.com]
**Sent:** Tuesday, August 27, 2019 12:48 PM
**To:** Sara Gunderson <sarag@potterhandy.com>
**Cc:** Mail Mail <mail@potterhandy.com>
**Subject:** Deposition of Samuel Love - Meet and Confer

Sara,

I sent an e-mail yesterday asking to meet and confer on this matter. I can move the deposition of Mr. Love to 9/9 to accommodate your office and your client. Please let me know asap if that works.

Sincerely,

Kalyan Pokala

Please take note that our new address, effective 9/1/2019, will be 2535 Kettner Blvd. Suite 2C-2, San Diego, CA 92101, see signature.



**Pokala Law APC**
Kalyan Pokala

2535 Kettner Blvd. Suite 2C-2  |  San Diego, CA 92101  |  T 619.394.0187  |  F 619.878.5815
kalyan@pokalalaw.com  |  www.pokalalaw.com
-------------------------------------------------------------------------------------------------------------------------

The information contained in this electronic mail transmission is confidential and intended to be sent only to the stated recipient of the transmission. It may therefore be protected from unauthorized use or dissemination by the attorney-client and/or attorney work-product privileges. If you are not the intended recipient or the intended recipient's agent, you are hereby notified that any review, use, dissemination, distribution or copying of this communication is strictly prohibited. You are also asked to notify us immediately by telephone and to delete this transmission with any attachments and destroy all copies in any form. Thank you in advance for your cooperation.

## Kalyan Pokala

| | |
|---|---|
| **From:** | Sara Gunderson <sarag@potterhandy.com> |
| **Sent:** | Wednesday, August 28, 2019 6:26 AM |
| **To:** | Kalyan Pokala; Mail Mail |
| **Subject:** | RE: Love v. True Vine Hospitality LLC    5:18-CV-01262-CAS-KK |

Hi Kalyan:

I've inquired regarding the availability of a deposition for Mr. Love on or before 9/9, and there is no availability. Scheduling is impacted due to the Federal holiday. Further, you have not noticed a new deposition of the plaintiff (the previous notice was objected to on multiple grounds), and the rules and case law regarding providing 10 business days' notice to a deponent, especially around a Federal holiday, would also apply in this situation if you were to notice a new deposition of the plaintiff.

Further, you unilaterally noticed the joint motion to compel with an incredibly short notice period, which flouts federal rules, and in your motion, you claimed I refused to provide responses, when that is patently untrue. I wrote an email citing to rules (court rules, local rules, etc.) saying that the I didn't think the joint motion was timely and that I thought you would need to ask for leave of court to late-file. Instead of discussing anything further, or filing a motion for leave to late file, you unilaterally filed our joint motion with an insufficient notice period. You are now asking for deposition dates right before the discovery cut-off, without sufficient notice, around a Federal holiday. There seems to be a pattern of procrastination which I have to deal with as you wait until the last minute to carry things out. I cannot stop you from re-noticing Mr. Love's deposition, but I have explained the information I have found: he is unavailable for deposition prior September 9, 2019.

Kind regards,

**Sara N. Gunderson, Esq.**
Center for Disability Access
Potter Handy, LLP

---

**From:** Kalyan Pokala [mailto:kalyan@pokalalaw.com]
**Sent:** Monday, August 26, 2019 6:26 PM
**To:** Mail Mail <mail@potterhandy.com>
**Cc:** Sara Gunderson <sarag@potterhandy.com>
**Subject:** RE: Love v. True Vine Hospitality LLC 5:18-CV-01262-CAS-KK

Sara,

I would like to meet and confer tomorrow about a mutually agreeable date for Mr. Love. I have provided significant notice for the deposition to take place prior to the discovery cut-off date. If there is another date before 9/9, or, if you would agree to 9/9 itself, we can accommodate that and we can get Mr. Love deposed.

Sincerely,

Kalyan Pokala

Please take note that our new address, effective 9/1/2019, will be 2535 Kettner Blvd. Suite 2C-2, San Diego, CA 92101, see signature.



## Pokala Law APC
### Kalyan Pokala

2535 Kettner Blvd. Suite 2C-2  |  San Diego, CA 92101  |  T 619.394.0187  |  F 619.878.5815
kalyan@pokalalaw.com  |  www.pokalalaw.com
--------------------------------------------------------------------------------------------------------------------------------

The information contained in this electronic mail transmission is confidential and intended to be sent only to the stated recipient of the transmission. It may therefore be protected from unauthorized use or dissemination by the attorney-client and/or attorney work-product privileges. If you are not the intended recipient or the intended recipient's agent, you are hereby notified that any review, use, dissemination, distribution or copying of this communication is strictly prohibited. You are also asked to notify us immediately by telephone and to delete this transmission with any attachments and destroy all copies in any form. Thank you in advance for your cooperation.

---

**From:** Mail Mail <mail@potterhandy.com>
**Sent:** Monday, August 26, 2019 5:34 PM
**To:** Kalyan Pokala <kalyan@pokalalaw.com>
**Subject:** Love v. True Vine Hospitality LLC 5:18-CV-01262-CAS-KK

Hello,

Please find attached the documents from the attorney, Please be advised a hard copy will follow via regular mail.  Thank you.

Best Regards,
Kayla Drayton
Legal Assistant
Mail@PotterHandy.com
Ph: (858) 375-7385
Fx: (888) 422-5191
POTTER HANDY, LLP
**Mailing/Delivery Address:**
**8033 Linda Vista Road Suite 200**
**San Diego CA 92111**



The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an in any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication destroy all copies of the message. To contact us directly, send to info@potterhandy.com. Tax Opinion Disclaimer: To comply with IRS regulations, we advise that any discussion of Federal written to be used, and cannot be used by you, (i) to avoid any penalties imposed under the Internal Revenue Code or, (ii) to promote, market or recommend to another party any transac

# EXHIBIT 4

KALYAN POKALA SBN: 259947
**POKALA LAW APC**
Kettner Blvd. Suite 2C-2
kalyan@pokalalaw.com
Phone:(619) 394-0187
Fax:   (619) 878-5815
Attorney for Defendant
True Vine Hospitality, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

SAMUEL LOVE

        Plaintiff,

vs.

TRUE VINE HOSPITALITY, LLC, a
California Limited Liability Company;
and Does 1-10

        Defendant.

Case No. 5:18-cv-01262-CAS-KK

**PROOF OF SERVICE**

I, Matthew Zarley, declare:

       I am a citizen of the United States and employed in San Diego, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 2535 Kettner Boulevard, Suite 2C-2, San Diego CA 92101. On August 28, 2019, I served a copy of the following documents:

COMPLAINT

**1) AMENDED NOTICE OF VIDEOTAPED DEPOSITION OF PLAINTIFF SAMUEL LOVE.**

**2) AMENDED NOTICE OF VIDEOTAPED DEPOSITION OF PLAINTIFF'S EXPERT PAUL BISHOP.**

**3) PROOF OF SERVICE.**

☐ (by facsimile transmission) in accordance with Federal Rules of Civil Procedure § 5(f) by transmitting said document(s) from my office by facsimile machine (619) 878-5815 to facsimile machine number(s) shown below. Following transmission, I received a "Transmission Report" from my fax machine indicating that the transmission had been transmitted without error.

● (by mail) on parties in said action, in accordance with Federal Rules of Civil Procedure §5(c), by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At Pokala Law APC, mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business, in a United States mailbox in the City of San Diego, California.

Sarah Gunderson
Potter Handy LLP
8033 Linda Vista Road Suite 200
San Diego, CA 92111

☐ (by overnight delivery) by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Delivery Service collection box at San Diego, California, and addressed as set forth below.

-2-

☐ (by personal delivery) by causing to be personally delivered a true copy thereof to the person and at the address set forth below.

■ (by e-mail transmission) on all parties by transmitting said document(s), from our offices by email (mzarley@pokalalaw.com) to email addresses shown below.

sarag@potterhandy.com

mail@potterhandy.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 28, 2019 at San Diego, California.


Matthew Zarley
*Law Clerk*
Pokala Law APC

POS NOTICE OF DEPOSITION; PLAINTIFF AND EXPERT

1  KALYAN POKALA SBN: 259947
2  **POKALA LAW APC**
   Kettner Blvd. Suite 2C-2
3  kalyan@pokalalaw.com
   Phone:(619) 394-0187
4  Fax:   (619) 878-5815
5  Attorney for Defendant
   True Vine Hospitality, LLC
6

7

8
                    **UNITED STATES DISTRICT COURT**
9
                    **CENTRAL DISTRICT OF CALIFORNIA**
10

11
   SAMUEL LOVE,                    )  Case No.:  5:18-cv-01262-CAS-KK
12
              Plaintiff,           )  **AMENDED NOTICE OF**
13                                 )  **VIDEOTAPED DEPOSITION OF**
        vs.                        )  **PLAINTIFF'S EXPERT PAUL**
14                                 )  **BISHOP**
   TRUE VINE HOSPITALITY, LLC., a  )
15                                 )
   California Limited Liability Company;  )  **Date:  September 9, 2019**
16                                 )  **Time:  2:00 p.m.**
   and Does 1-10                   )  **Location:  Pokala Law APC, 2535**
17                                 )  **Kettner Blvd., Suite 2C-2, San Diego,**
              Defendant.           )  **California  92101**
18                                 )
   _____  )
19

20

21

22       **PLEASE TAKE NOTICE** that on September 9, at 2:00 p.m., pursuant to

23  Federal Rules of Civil Procedure 30, Defendant True Vine Hospitality, LLC, will

24  take the deposition and oral examination of Plaintiff's expert Paul Bishop.

25       Said deposition will be taken before a certified court reporter and notary

26  public authorized to administer oaths and will take place at the offices of Pokala

27  Law, APC, 2535 Kettner Blvd., Suite 2C-2, San Diego, California  92101,

28

1  (619)394-0187, and will continue from day to day until completed, within the

2  parameters of the Federal Rules of Civil Procedure.

3       This deposition will be recorded stenographically and by videotape.

4

5  Dated:  August 28, 2019          **POKALA LAW APC**

6

7

8          ____/s/ Kalyan Pokala_____
           Kalyan Pokala, attorney for Defendant
9          TRUE VINE HOSPITALITY, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  KALYAN POKALA SBN: 259947
2  **POKALA LAW APC**
   Kettner Blvd. Suite 2C-2
3  kalyan@pokalalaw.com
   Phone:(619) 394-0187
4  Fax:   (619) 878-5815
5  Attorney for Defendant
6  True Vine Hospitality, LLC

7

8                    **UNITED STATES DISTRICT COURT**
9                    **CENTRAL DISTRICT OF CALIFORNIA**
10

11
12  SAMUEL LOVE,                     )  Case No.:  5:18-cv-01262-CAS-KK
                                     )  **AMENDED NOTICE OF**
13          Plaintiff,               )  **VIDEOTAPED DEPOSITION OF**
                                     )  **PLAINTIFF SAMUEL LOVE**
14      vs.                          )
                                     )
15  TRUE VINE HOSPITALITY, LLC., a   )  **Date:  September 9, 2019**
                                     )  **Time:  10:00 a.m.**
16  California Limited Liability Company;  )  **Location:  Pokala Law APC, 2535**
                                     )  **Kettner Blvd., Suite 2C-2, San Diego,**
17  and Does 1-10                    )  **California  92101**
                                     )
18          Defendant.               )
                                     )
19  _____ )
20

21
22      **PLEASE TAKE NOTICE** that on September 9, at 10:00 a.m., pursuant to
23  Federal Rules of Civil Procedure 30, Defendant True Vine Hospitality, LLC, will
24  take the deposition and oral examination of Plaintiff Samuel Love.
25      Said deposition will be taken before a certified court reporter and notary
26  public authorized to administer oaths and will take place at the offices of Pokala
27  Law, APC, 2535 Kettner Blvd., Suite 2C-2, San Diego, California  92101,
28

1    (619)394-0187, and will continue from day to day until completed, within the

2    parameters of the Federal Rules of Civil Procedure.

3          This deposition will be recorded stenographically and by videotape.

4

5    Dated:  August 28, 2019              **POKALA LAW APC**

6

7

8                                   ___/s/ Kalyan Pokala_____
                                    Kalyan Pokala, attorney for Defendant
9                                   TRUE VINE HOSPITALITY, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 5

CENTER FOR DISABILITY ACCESS
RAYMOND G. BALLISTER, JR., ESQ., SBN 111282
SARA NICOLE GUNDERSON, ESQ., SBN 302582
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
Phone: (858) 375-7385
Fax: (888) 422-5191
SaraG@potterhandy.com

Attorney for Plaintiff SAMUEL LOVE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE,<br><br>       Plaintiff,<br><br>v.<br><br>TRUE VINE HOSPITALITY, LLC., a California Limited Liability Company; and Does 1-10,<br><br><br>       Defendants. | **Case No.: 5:18-cv-01262-CAS-KK**<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S AMENDED NOTICE OF DEPOSITION OF SAMUEL LOVE.** |

To each party and each attorney of record in this action:

Plaintiff, SAMUEL LOVE, hereby submits the following responses and objections to Defendant's Amended Notice of Deposition of SAMUEL LOVE.

**PLAINTIFF'S OBJECTIONS TO AMENDED NOTICE OF DEPOSITION**

Plaintiff objects to this notice of deposition on the grounds that the deposition date was chosen unilaterally without regard to Plaintiff or Plaintiff's counsel's schedules. In fact, defense inquired if September 9, 2019 was available as a date for deposition, and attorney for Mr. Love,

-1-

Sara Gunderson, stated that this date was unavailable. Defense chose to notice for a date he was already told was unavailable.

Plaintiff objects that a party who wants to depose a person by oral questions must give reasonable written notice to every other party. The deposition notice was served to the Plaintiff on very short notice and Plaintiff and Plaintiff's counsel are not available for the deposition on September 9, 2019. The proof of service on this Amended Notice of Deposition was August 28, 2019.That is a total of eleven days, four of those days are weekend days and one of those days being a **federal holiday**; Plaintiff had already conveyed to defense that this date is unavailable.

Plaintiff objects to this deposition in its entirety on the basis that a party who wants to depose a person by oral questions must give reasonable written notice to every other party. FRCP 30(b)(1). Although ***ten business days' notice*** generally is considered reasonable, 'the analysis is necessarily case-specific and fact-intensive.'...See Mason v. Silva, 2013 U.S. Dist. LEXIS 74801 (S.D. Cal. May 28, 2013) ('What is 'reasonable' depends on the circumstances of the case, but at least 10 days' notice is customarily expected.') (citations omitted). Lucas v. Breg, Inc., 2015 U.S. Dist. LEXIS 164534, at *6-8 (S.D. Cal. Dec. 8, 2015) (finding notice unreasonable where received seven days before the scheduled date).

Numerous courts both within and outside of California agree that a deposition set for less than the general 10 business day rule regarding notice is unreasonable and improper, **especially around a holiday** (emphasis added). See Oculu, LLC v. Oculus VR, Inc., 2015 U.S. Dist. LEXIS 58215, at *2 (N.D. Cal. Apr. 28, 2015) (concluding **that... [a] subpoena requiring appearance eleven days later around a holiday was unreasonable);** Douglas v. Shasta County, 2010 U.S. Dist. LEXIS 24752, at *6 (E.D. Cal. Mar. 3, 2010); (emphasis added).

///
///
///
///
///

-2-

1    ///

2    ///

3        As has already been communicated to defense counsel, Mr. Love and Plaintiff's counsel

4    are not available on September 9, 2019, and cannot attend the Deposition, as the Notice is

5    untimely and the deponent and his counsel are unavailable as has already been conveyed.

6

7    Dated: August 30, 2019                    CENTER FOR DISABILITY ACCESS

8

9                                         By:     */s/ Sara N. Gunderson*

10                                        Sara Nicole Gunderson, Esq.

11                                        Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

-3-

CENTER FOR DISABILITY ACCESS
RAYMOND G. BALLISTER, JR., ESQ., SBN 111282
SARA NICOLE GUNDERSON, ESQ., SBN 302582
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
Phone: (858) 375-7385
Fax: (888) 422-5191
SaraG@potterhandy.com

Attorney for Plaintiff SAMUEL LOVE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE, | Case No.: 5:18-cv-01262-CAS-KK |
| Plaintiff, | |
| v. | **PLAINTIFF'S OBJECTIONS TO DEFENDANT'S AMENDED NOTICE OF DEPOSITION OF EXPERT WITNESS, PAUL BISHOP.** |
| TRUE VINE HOSPITALITY, LLC., a California Limited Liability Company; and Does 1-10, | |
| Defendants. | |

To each party and each attorney of record in this action:

Plaintiff, SAMUEL LOVE, hereby submits the following responses and objections to Defendant's Amended Notice of Deposition expert witness, PAUL BISHOP.

### PLAINTIFF'S OBJECTIONS TO AMENDED NOTICE OF DEPOSITION OF HIS EXPERT PAUL BISHOP

Plaintiff objects to this notice of deposition of Mr. Bishop on the grounds that the deposition date was chosen unilaterally without regard to Plaintiff or Plaintiff's counsel's schedules. In fact, defense inquired if September 9, 2019 was available as a date for deposition,

-1-

and attorney for Mr. Love, Sara Gunderson, stated that this date was unavailable. Defense chose to notice for a date he was already told was unavailable.

Plaintiff objects that a party who wants to depose a person by oral questions must give reasonable written notice to every other party. The deposition notice was served to the Plaintiff on very short notice and Plaintiff and Plaintiff's counsel are not available for the deposition on September 9, 2019. The proof of service on this Amended Notice of Deposition was August 28, 2019. That is eleven days notice total: four of those days are weekend days, and one of those days being a **federal holiday**; Plaintiff had already conveyed to defense that this date is unavailable.

Plaintiff objects to this deposition in its entirety on the basis that a party who wants to depose a person by oral questions must give reasonable written notice to every other party. FRCP 30(b)(1). Although ***ten business days' notice*** generally is considered reasonable, 'the analysis is necessarily case-specific and fact-intensive.'...See Mason v. Silva, 2013 U.S. Dist. LEXIS 74801 (S.D. Cal. May 28, 2013) ('What is 'reasonable' depends on the circumstances of the case, but at least 10 days' notice is customarily expected.') (citations omitted). Lucas v. Breg, Inc., 2015 U.S. Dist. LEXIS 164534, at *6-8 (S.D. Cal. Dec. 8, 2015) (finding notice unreasonable where received seven days before the scheduled date).

Numerous courts both within and outside of California agree that a deposition set for less than the general 10 business day rule regarding notice is unreasonable and improper, **especially around a holiday** (emphasis added). See Oculu, LLC v. Oculus VR, Inc., 2015 U.S. Dist. LEXIS 58215, at *2 (N.D. Cal. Apr. 28, 2015) (concluding **that... [a] subpoena requiring appearance eleven days later around a holiday was unreasonable);** Douglas v. Shasta County, 2010 U.S. Dist. LEXIS 24752, at *6 (E.D. Cal. Mar. 3, 2010); (emphasis added).

As has already been communicated to defense counsel, Mr. Love and his Expert, Mr. Bishop, as well as Plaintiff's counsel are not available on September 9, 2019, and cannot attend the Deposition, as the Notice is untimely and the deponent and his counsel are unavailable as has already been conveyed.

-2-

1

2   Dated: August 30, 2019                    CENTER FOR DISABILITY ACCESS

3

4                                             By:_____/s/ Sara N. Gunderson_

5                                             Sara Nicole Gunderson, Esq.

6                                             Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

-3-

# **PROOF OF SERVICE**
# **LOVE V. TRUE VINE HOSPITALITY LLC**
# **5:18-CV-01262-CAS-KK**

I, the undersigned, am over the age of eighteen years and am resident of San Diego County, California; I am not a party to the above-entitled action; my business address is 9845 Erma Road, Suite 300, San Diego, CA 92131.

On August 30, 2019 I served the following document(s):
**-PLAINTIFF'S OBJECTIONS TO DEFENDANT'S AMENDED NOTICE OF DEPOSITION OF SAMUEL LOVE.**
**-PLAINTIFF'S OBJECTIONS TO DEFENDANT'S AMENDED NOTICE OF DEPOSITION OF EXPERT WITNESS, PAUL BISHOP.**

Addressed to:

> Kalyan Pokala
> 2535 Kettner Blvd. Ste 2C2
> San Diego, CA 92101

☑ <u>BY MAIL:</u> I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at San Diego, California.

☐ <u>BY OVERNIGHT EXPRESS:</u> I caused such envelope with postage thereon fully prepaid to be placed in the Designated Overnite Express drop box at San Diego, California.

☐ BY FACSIMILE: In addition to the service by mail as set forth above, I forwarded a copy of said documents via facsimile to the listed facsimile number.

☐ <u>BY PERSONAL SERVICE:</u> I caused said documents to be personally served on all listed recipients via ASAP Legal Services.

☐ <u>BY ELECTRONIC MAIL TRANSMISSION:</u> via email. I caused the listed documents to be electronically filed and or subsequently emailed to the above recipients

Executed on August 30, 2019, from San Diego, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Kayla Drayton

# EXHIBIT 7

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 19-2988 PA (SSx) | Date | August 7, 2019 |
|---|---|---|---|
| Title | Brian Whitaker v. AA Haroon LLC, et al. | | |

Present: The Honorable    PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:**         **IN CHAMBERS — ORDER TO SHOW CAUSE**

The Complaint filed in this action asserts a claim for injunctive relief arising out of an alleged violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12010-12213, and a claim for damages pursuant to California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51-53. It appears that the Court possesses only supplemental jurisdiction over the Unruh Act claim, and any other state law claim that plaintiff may have alleged, pursuant to the Court's supplemental jurisdiction. See 28 U.S.C. § 1367(a).

The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173, 118 S. Ct. 523, 534, 139 L. Ed. 2d 525 (1997) (emphasis added) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, 108 S. Ct. 614, 619, 98 L. Ed. 2d 720 (1988)). The Court therefore orders plaintiff to show cause in writing why the Court should exercise supplemental jurisdiction over the Unruh Act claim and any other state law claim asserted in the Complaint. See 28 U.S.C. § 1367(c).

In responding to this Order to Show Cause, plaintiff shall identify the amount of statutory damages plaintiff seeks to recover. Plaintiff and plaintiff's counsel shall also support their responses to the Order to Show Cause with declarations, signed under penalty of perjury, providing all facts necessary for the Court to determine if they satisfy the definition of a "high-frequency litigant" as provided by California Civil Procedure Code sections 425.55(b)(1) & (2). **Plaintiff shall file a Response to this Order to Show Cause by no later than August 21, 2019.** Failure to timely or adequately respond to this Order to Show Cause may, without further warning, result in the dismissal of the entire action without prejudice or the Court declining to exercise supplemental jurisdiction over the Unruh Act claim and the dismissal of that claim pursuant to 28 U.S.C. § 1367(c).

IT IS SO ORDERED.

# EXHIBIT 8

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2988 PA (SSx) | Date | August 27, 2019 |
|---|---|---|---|
| Title | Brian Whitaker v. AA Haroon LLC | | |

Present: The Honorable    PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:**         **IN CHAMBERS — COURT ORDER**

The Complaint filed in this action asserts a claim for injunctive relief arising out of an alleged violation of the Americans with Disabilities Act ("ADA") and one or more "construction-related accessability claims" under California law, including a claim for damages pursuant to California's Unruh Act. Because the Court possesses only supplemental jurisdiction over the Unruh Act and any other state law claims, and in light of California's statutory efforts to curtail such claims, the Court ordered plaintiff to show cause in writing why the Court should exercise supplemental jurisdiction over the Unruh Act and any other state law claims asserted in the Complaint. See 28 U.S.C. § 1367(c). The Court has reviewed the Response filed by plaintiff and plaintiff's counsel to the Court's Order to Show Cause.

## I.    ADA and Unruh Act Claims

The ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Under the ADA, "damages are not recoverable . . . only injunctive relief is available." Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) (citing 42 U.S.C. § 12188(a)(1)).

The Unruh Act provides: "All persons within the jurisdiction of [California] are free and equal, and no matter what their . . . disability . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). The Unruh Act also provides that a violation of the ADA constitutes a violation of § 51 of the Unruh Act. Cal. Civ. Code § 51(f). Unlike the ADA, the Unruh Act allows for recovery of monetary damages. A plaintiff may recover actual damages for each and every offense "up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000)." Cal. Civ. Code § 52(a). "The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2988 PA (SSx) | Date | August 27, 2019 |
|---|---|---|---|
| Title | Brian Whitaker v. AA Haroon LLC | | |

litigant need not prove she suffered actual damages to recover the independent statutory damages of $4,000." Molski v. M.J. Cable, Inc., 481 F.3d 724, 731 (9th Cir. 2007).

## II.    California's Limitations on the Filing of Construction-Related Accessibility Claims

"In 2012, in an attempt to deter baseless claims and vexatious litigation, California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act." Velez v. Il Fornaio (America) Corp., CV 3:18-1840 CAB (MDD), 2018 WL 6446169, at *6 (S.D. Cal. Dec. 10, 2018). These heightened pleading requirements apply to actions alleging a "construction-related accessibility claim," which California law defines as "any civil claim in a civil action with respect to a place of public accommodation, including but not limited to, a claim brought under Section 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1). California's heightened pleading standard for construction-related accessibility claims require a plaintiff to include specific facts concerning the plaintiff's claim, including the specific barriers encountered or how the plaintiff was deterred and each date on which the plaintiff encountered each barrier or was deterred. See Cal. Civ. Proc. Code § 425.50(a). California law requires plaintiffs to verify their complaints alleging construction-related accessibility claims. See Cal. Civ. Proc. Code § 425.50(b)(1). A complaint alleging construction-related accessibility claims that is not verified is subject to a motion to strike. Id.

When California continued to experience large numbers of these actions, California imposed additional limitations on "high-frequency litigants." These additional restrictions became effective on October 15, 2015. Under California law, a "high-frequency litigant" is defined as:

> A plaintiff who has filed 10 or more complaints alleged a
> construction-related accessibility violation within the 12-month
> period immediately preceding the filing of the current complaint
> alleging a construction-related accessibility violation.

Cal. Civ. Proc. Code § 425.55(b)(1). The definition of high-frequency litigant also extends to attorneys. See Cal. Civ. Proc. Code § 425.55(b)(2). In support of its imposition of additional requirements on high-frequency litigants, the California Legislature found and declared:

> According to information from the California Commission on
> Disability Access, more than one-half, or 54 percent, of all
> construction-related accessibility complaints filed between 2012 and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2988 PA (SSx) | Date | August 27, 2019 |
|---|---|---|---|
| Title | Brian Whitaker v. AA Haroon LLC | | |

2014 were filed by two law firms. Forty-six percent of all complaints were filed by a total of 14 parties. Therefore, a very small number of plaintiffs have filed a disproportionately large number of the construction-related accessibility claims in the state, from 70 to 300 lawsuits each year. Moreover, these lawsuits are frequently filed against small businesses on the basis of boilerplate complaints, apparently seeking quick cash settlements rather than correction of the accessibility violation. This practice unfairly taints the reputation of other innocent disabled consumers who are merely trying to go about their daily lives accessing public accommodations as they are entitled to have full and equal access under the state's Unruh Civil Rights Act (Section 51 of the Civil Code) and the federal Americans with Disability Act of 1990 (Public Law 101-336).

Cal. Civ. Proc. Code § 425.55(a)(2). In response to these "special and unique circumstances," Cal. Civ. Proc. Code § 425.55(3), California imposed a "high-frequency litigant fee" requiring high-frequency litigants to pay a $1,000 filing fee at the time of the filing of the initial complaint in addition to the standard filing fees. Cal. Gov't Code § 70616.5. California law also requires complaints filed by high-frequency litigants to allege certain additional facts, including whether the action is filed by, or on behalf of, a high-frequency litigant, the number of construction-related accessibility claims filed by the high-frequency litigant in the preceding 12 months, the high-frequency litigant plaintiff's reason for being in the geographic area of the defendant's business, and the reason why the high-frequency litigant plaintiff desired to access the defendant's business. See Cal. Civ. Proc. Code § 425.50(a)(4)(A).

## III.  **Supplemental Jurisdiction**

In an action over which a district court possesses original jurisdiction, that court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Even if supplemental jurisdiction exists, district courts have discretion to decline to exercise supplemental jurisdiction:

The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1)    the claim raises a novel or complex issue of State law,

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 19-2988 PA (SSx) | Date | August 27, 2019 |
|---|---|---|---|
| Title | Brian Whitaker v. AA Haroon LLC | | |

     (2)      the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

     (3)      the district court has dismissed all claims over which it has original jurisdiction, or

     (4)      in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). The Supreme Court has described 28 U.S.C. § 1367(c) as a "codification" of the principles of "'economy, convenience, fairness, and comity'" that underlie the Supreme Court's earlier jurisprudence concerning pendent jurisdiction. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 172-73, 118 S. Ct. 523, 533, 139 L. Ed. 2d 525 (1997) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357, 108 S. Ct. 614, 623, 98 L. Ed. 2d 720 (1988)); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966) ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

     District courts may decline to exercise jurisdiction over supplemental state law claims "[d]epending on a host of factors" including "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." City of Chicago, 522 U.S. at 173, 118 S. Ct. at 534, 139 L. Ed. 2d 525. The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" Id. (quoting Cohill, 484 U.S. at 350, 108 S. Ct. at 619, 98 L. Ed. 2d 720).

     The Ninth Circuit does not require an "explanation for a district court's reasons [for declining supplemental jurisdiction] when the district court acts under" 28 U.S.C. §§ 1367(c)(1)-(3), San Pedro Hotel Co. v. City of Los Angeles, 159 F.3d 470, 478 (9th Cir. 1998), but does require a district court to "articulate why the circumstances of the case are exceptional in addition to inquiring whether the balance of the Gibbs values provide compelling reasons for declining jurisdiction in such circumstances." Executive Software N. Am. Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1558 (9th Cir. 1994). According to the Ninth

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2988 PA (SSx) | Date | August 27, 2019 |
|---|---|---|---|
| Title | Brian Whitaker v. AA Haroon LLC | | |

Circuit, this "inquiry is not particularly burdensome." Id.  When declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(4), "the court must identify the predicate that triggers the applicability of the category (the exceptional circumstances), and then determine whether, in its judgment, the underlying Gibbs values are best served by declining jurisdiction in the particular case (the compelling reasons)." Id.

## IV.     The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's Construction-Related Accessibility Claim(s)

Because California's heightened pleading standards and increased filing fees do not apply in federal court, plaintiffs can circumvent the restrictions California has imposed on Unruh Act and other claims alleging construction-related accessibility claims simply by relying on § 1367(a)'s grant of supplemental jurisdiction to file their Unruh Act claims in federal court when they combine construction-related accessibility claims with an ADA claim for injunctive relief. The number of construction-related accessibility claims filed in the Central District has skyrocketed both numerically and as a percentage of total civil filings since California began its efforts to curtail the filing of such actions. According to statistics compiled by the Clerk's Office, in 2013, the first year in which California's initial limitations on such cases were in effect, there were 419 ADA cases filed in the Central District, which constituted 3% of the civil actions filed.  Filings of such cases increased from 928 (7% of civil cases) in 2014, the year before the imposition of the additional $1,000 filing fee and additional pleading requirements for high-frequency litigants, to 1,386 (10% of civil cases) in 2016, the first full year of those requirements.  The number and percentage of such cases filed in the Central District has increased in each year since California acted to limit the filings by high-frequency litigants, reaching 1,670 (12% of civil cases) in 2017, 1,670 (18% of civil cases) in 2018, and 1,868 cases (24% of civil cases) in the first six months of 2019.

By enacting restrictions on the filing of construction-related accessibility claims, California has expressed a desire to limit the financial burdens California's businesses may face for claims for damages under the Unruh Act and other state law theories.  By filing these actions in federal court, plaintiff has evaded these limits and sought a forum in which plaintiff can claim these state law damages in a manner inconsistent with the state law's requirements.  This situation, and the burden the ever-increasing number of such cases poses to the federal courts, presents "exceptional circumstances" and "compelling reasons" that justify the Court's discretion to decline to exercise supplemental jurisdiction over plaintiff's Unruh Act and any other state law claims in this action under 28 U.S.C. § 1367(c)(4).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2988 PA (SSx) | Date | August 27, 2019 |
|---|---|---|---|
| Title | Brian Whitaker v. AA Haroon LLC | | |

Declining to exercise supplemental jurisdiction over plaintiff's Unruh Act and any other construction-related accessibility claim in these circumstances supports the values of judicial economy, convenience, fairness, and comity:

> As a high-frequency litigant, the Court finds it would be improper to allow Plaintiff to use federal court as an end-around to California's pleading requirements. Therefore, as a matter of comity, and in deference to California's substantial interest in discouraging unverified disability discrimination claims, the Court declines supplemental jurisdiction over Plaintiff's Unruh Act claim.

Schutza v. Cuddeback, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017); see also Gibbs, 383 U.S. at 726, 86 S. Ct. at 1139, 16 L. Ed. 2d 218. Although some plaintiffs and their counsel have argued that they file in federal court not to evade California's restrictions, but because of the quality of the judges, the ease of the ECF system for filing, and the prevalence of federal ADA decisional authority, the Court finds that such arguments are unpersuasive and belied by the recent nature of the dramatic increase in the filing of such cases in federal court.[1] Indeed, those reasons, if true at all, do not explain why nearly 9 times more construction-related accessibility actions are being filed in the Central District in 2019 than were filed in 2013. As one district court recently explained:

> In attempting to show that his decision to file in federal court is not simply an attempt to evade California's heightened pleading rules, Schutza insists the 'quality of judges [and] the quality of legal rulings' is higher in federal court. This argument, of course, flies in the face of our judicial system's equal respect for state and federal courts. The convenience of electronic filing and the widespread availability of published opinions—other arguments Schutza advances—may be creature comforts that make filing in federal court more enticing, but they hardly outweigh the disservice that is done to California's efforts to implement and interpret its own law when federal courts exercise supplemental jurisdiction over these claims. If Schutza were able to articulate a persuasive reason for his decision to file in federal court, perhaps this would be a different story. As it stands, though, the Court can discern no basis for the state law claim

---

[1] The law firm that previously asserted this purported justification abandoned that rationale in the 40 Responses it recently filed to the Court's Order to Show Cause.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 19-2988 PA (SSx) | Date | August 27, 2019 |
|---|---|---|---|
| Title | Brian Whitaker v. AA Haroon LLC | | |

being filed in federal court other than to prevent California from
being able to apply and enforce its own rules.

Schutza v. Alessio Leasing, Inc. (Alessio Leasing) CV 18-2154 LAB (AGS), 2019 WL 1546950,
at *3 (S.D. Cal. Apr. 8, 2019); see also Schutza, 262 F. Supp. 3d at 1031 ("It is unclear what
advantage—other than avoiding state-imposed pleading requirements—Plaintiff gains by being
in federal court since his sole remedy under the ADA is injunctive relief, which is also available
under the Unruh Act."). "Federal courts may properly take measures to discourage forum-
shopping, and here, where Plaintiff has filed over one hundred disability discrimination cases,
and settled more than fifty of them in a two-year period, the Court finds this to be a compelling
reason to decline supplemental jurisdiction." Schutza, 262 F. Supp. 3d at 1031 (citing Hanna v.
Plumer, 380 U.S. 460, 467-68, 85 S. Ct. 1136, 1142, 14 L. Ed. 2d 8 (1965)).

One firm that has filed approximately 630 actions asserting construction-related
accessibility claims in the Central District since 2016 admitted in its Responses to the Court's
Order to Show Cause, that its filing of actions in federal court is done to avoid the "financial
burden" of California's $1,000 high-frequency litigant fee. (See Docket No. 19 in Case No. CV
19-1847 PA (MRWx) at 7:1-5 ("[F]iling in state court would cause a 'high frequency
litigant' . . . such as Plaintiff to incur an unreasonable amount of financial burden in the amount
of $1,000. Such financial burden would prohibit Plaintiff from enforcing his right to bring a
substantial claim against individuals and entities who have injured Plaintiff in his right provided
by ADA and applicable state statutes.").) It is not, under the Gibbs factors, "fair" to defendants
that plaintiffs may pursue construction-related accessibility claims in this Court while evading
the limitations California has imposed on such claims. To allow federal courts to become an
escape hatch allowing plaintiffs to pursue such claims—regardless of whether a particular
plaintiff or the small number of law firms that frequently pursue these actions currently satisfies
the definition of a "high-frequency litigant"—is also an affront to the comity between federal
and state courts.

California's elected representatives, not this Court, have enacted laws restricting
construction-related accessibility claims, and, as a result, dictated that these claims be treated
differently than other actions. By merely recognizing that enterprising attorneys have evaded
California's limitations on construction-related accessibility claims by filing these actions in
federal court, this Court has not, as some plaintiff's counsel have suggested, engaged in a
"calendar clearing exercise," acted out of "animus towards the case load of meritorious ADA
and Unruh claims," or "discriminat[ed] against those with disabilities." Nor does declining to
exercise supplemental jurisdiction in these extraordinary circumstances reflect a preference for
California's restrictions on construction-related accessibility claims or offend the Erie doctrine

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 19-2988 PA (SSx) | Date | August 27, 2019 |
|---|---|---|---|
| Title | Brian Whitaker v. AA Haroon LLC | | |

as some plaintiffs suggest in their Responses to the Court's Order to Show Cause. That the astronomical growth in the filing of these cases in federal court has coincided with California's limitations on construction-related accessibility claims suggests that it is precisely because the federal courts have not adopted California's limitations on such claims that federal courts have become the preferred forum for them.

The Court therefore concludes that "exceptional circumstances" and "compelling reasons" support the Court's decision to decline to exercise supplemental jurisdiction over plaintiff's Unruh Act claim under 28 U.S.C. § 1367(c)(4).

Exercising the Court's discretion to decline supplemental jurisdiction does not deprive plaintiff of any remedies. Nor does it allow an ADA claim for injunctive relief to go unaddressed. The ADA claim remains pending in this Court. That the ADA contains an anti-preemption clause does not indicate, as some plaintiffs' counsel suggest, that Congress intended for federal courts to provide a forum allowing plaintiffs to evade state law restrictions on state law claims. See 42 U.S.C. § 12201(b). Whatever inefficiencies are created by the Court's decision to decline to exercise supplemental jurisdiction are problems created by plaintiff's filing of this action in federal court rather than in a state court:

> [T]here is no relief available to [plaintiff] in federal court that could not be secured in state court. Had he brought this suit in state court, there would have been only one suit pending and he would have been eligible to receive every form of relief he seeks: an injunction, money damages, and attorney's fees. By being "inefficient" and declining to exercise supplemental jurisdiction over his state claim, this Court is simply recognizing that California has a strong interest in interpreting and enforcing its own rules without federal courts serving as a convenient end-around for creative litigants. If that results in occasional inefficiency, it's a worthwhile tradeoff.

Alessio Leasing, 2019 WL 1546950, at *4. The Court additionally notes that if plaintiff legitimately seeks to litigate this action in a single forum, plaintiff may dismiss this action and refile it in a state court in accordance with the requirements California has imposed on such actions. Finally, by declining to exercise supplemental jurisdiction, the Court is merely restoring the balance Congress struck when it enacted the ADA and provided a private right of action for injunctive relief and an award of attorneys' fees, but did not allow for the recovery of statutory damages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2988 PA (SSx) | Date | August 27, 2019 |
|---|---|---|---|
| Title | Brian Whitaker v. AA Haroon LLC | | |

## V.    Plaintiff's Request for Interlocutory Appeal or Stay

In their Responses to the Court's Order to Show Cause, plaintiffs represented by the Center for Disability Access alternatively seek certification of an interlocutory appeal or the stay of any order declining to exercise supplemental jurisdiction pending resolution of an appeal filed on August 20, 2019, in 9th Circuit Case No. 19-55974. Although district court rulings generally cannot be appealed until a final judgment has been entered, see Coopers & Lybrand v. Livesay, 437 U.S. 463, 467, 98 S. Ct. 2454, 2457, 57 L. Ed. 2d 351, 357 (1978), "[s]ection 1292(b) provides for interlocutory appeals from otherwise not immediately appealable orders, if conditions specified in the section are met, the district court so certifies, and the court of appeals exercises its discretion to take up the request for review." Luchini v. Carmax, Inc., No. CV F 12-0417 LJO DLB, 2012 WL 3862150, at *1 (E.D. Cal. Sept. 5, 2012) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 74 n.10, 117 S. Ct. 467, 475 n.10, 136 L. Ed. 2d 437, 450 n.10 (1996)). A district court may certify an interlocutory appeal if the order (1) involves a controlling question of law, (2) there is substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); see In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982).

A stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." Nken v. Holder, 556 U.S. 418, 433, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009) (internal quotation marks and alterations omitted). "A party seeking a stay [pending appeal] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief, that the balance of equities tip in his favor, and that a stay is in the public interest." Humane Soc'y of the United States v. Gutierrez, 558 F.3d 896, 896 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008)); see Nken, 556 U.S. at 433, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (The party seeking a stay "has the burden of justifying the exercise of that discretion."). The Supreme Court has noted that these factors are substantially similar to those governing the issuance of a preliminary injunction and that this overlap exists "because similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of that action has been conclusively determined." Nken, 556 U.S. 418, 434, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (citing Winter, 555 U.S. at 24, 129 S. Ct. 365, 172 L. Ed. 2d 249). The moving party must establish each of the four factors to justify a stay. Alliance for The Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

The Court concludes that plaintiffs have not satisfied the requirements for either certification of an interlocutory appeal or a stay pending appeal. As explained above, the decision to decline supplemental jurisdiction is committed to the Court's discretion. See Gibbs,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2988 PA (SSx) | Date | August 27, 2019 |
|---|---|---|---|
| Title | Brian Whitaker v. AA Haroon LLC | | |

383 U.S. at 726, 86 S. Ct. at 1139, 16 L. Ed. 2d 218.  Many federal courts have concluded that the evasion of California's restrictions on construction-related accessibility claims present extraordinary circumstances and compelling reasons to decline to exercise supplemental jurisdiction over those claims.  See Langer v. Petras, CV 19-1408 CAB (BGS), 2019 WL 3459107 (S.D. Cal. July 31, 2019) (Bencivengo, J.); Velez v. Cloghan Concepts, LLC, CV 3:18-1901 BTM (BGS), 2019 WL 2423145 (S.D. Cal. June 10, 2019) (Moskowitz, J.); Reyes v. Flourshings Plus, Inc., CV 19-261 JM (WVG), 2019 WL 1958284 (S.D. Cal. May 2, 2019) (Miller, J.); Schutza v. Alessio Leasing, Inc., CV 18-2154 LAB (AGS), 2019 WL 1546950 (S.D. Cal. Apr. 8, 2019) (Burns, J.); Rutherford v. Ara Lebanese Grill, CV 18-1497 AJB (WVG), 2019 WL 1057919 (S.D. Cal. Mar. 6, 2019) (Battaglia, J.);[2/] Schutza v. Lamden, CV 3:17-2562 L (JLB), 2018 WL 4385377 (S.D. Cal. Sept. 14, 2018) (Lorenz, J.); Reyes v. Snoozetown, LLC, CV 3:18-498 H (JLB), 2018 WL 3438753 (S.D. Cal. July 16, 2018) (Huff, J.).  The Court's discretionary decision to decline to exercise supplemental jurisdiction does not involve a controlling question of law, is consistent with the findings of a substantial number of other federal courts, and would not materially advance the ultimate termination of this litigation.  Nor have plaintiffs established a likelihood of success on the merits, any irreparable harm, that the balance of hardships tip in their favor, or that the public interest would be served by a stay.  For all of these reasons, the Court denies plaintiffs' request for a stay or for certification of an interlocutory appeal.

**Conclusion**

For all of the foregoing reasons, the Court, in its discretion, declines to exercise supplemental jurisdiction over plaintiff's Unruh Act and any other construction-related accessibility claim.  The Court therefore dismisses any such claims without prejudice.  See 28 U.S.C. § 1367(c)(4).

IT IS SO ORDERED.

---

[2/]     Several of the Responses filed by the firms representing plaintiffs cited to Schoors v. Seaport Village Operating Co., CV 16-3089 AJB (BGS), 2017 WL 1807954 (S.D. Cal. May 5, 2017), in which Judge Battaglia denied a defendant's request to decline to exercise supplemental jurisdiction. More recently, in Rutherford v. Ara Lebanese Grill, Judge Battaglia concluded that extraordinary circumstances and compelling reasons justified his decision to decline to exercise supplemental jurisdiction over plaintiff's construction-related accessibility claim.